GIBBS BRAILEY & another *vs.* THE INHABITANTS OF SOUTH-BOROUGH.

An action cannot be maintained on the Rev. Sts. *c.* 25, § 22, against a town for damages occasioned by an obstruction of a highway by snow negligently suffered to remain thereon, by reason whereof the plaintiff was prevented from passing over the same with his horses and sleigh, and was put to great trouble, expense, and loss of time in extricating them from the snow.

THIS was an action on the case, brought originally before a justice of the peace, and tried before *Mellen,* J., on appeal, in the court of common pleas, to recover for an injury occasioned by an alleged defect in a highway, which the defendants were bound to repair. After a verdict for the plaintiffs, the defendants moved in arrest of judgment, on the ground, that no cause of action was set forth in the declaration.

The declaration alleged, that on the 10th of January, 1849, there was a certain highway in Southborough, leading from Marlborough to Westborough, over which all the citizens of the commonwealth had the right to go, pass, and repass, at all times of the year, at their free will and pleasure, and which the defendants were bound by law to keep in repair, and safe, and convenient for travel at all seasons of the year; that the defendants, well knowing the premises, wilfully and negligently suffered the said highway to be obstructed and incumbered by snow, on the said 10th of January, and for the space of ten days previously, so as to endanger the lives and property of the citizens; and that by reason of the snow so negligently and unlawfully suffered by the defendants to remain in such highway, the horses and sleigh of the plaintiffs were prevented from passing thereon, as they otherwise would and ought to have done, but were so delayed and obstructed, that the plaintiffs were put to great trouble and expense and loss of time in extricating the same.

The court of common pleas overruled the motion, and the defendants excepted.

*B. F. Thomas,* (who was not of counsel when the suit was brought,) for the plaintiffs, was first called upon by the court.

*P. C. Bacon,* for the defendants.

SHAW, C. J.   No sufficient cause of action, we think, is set forth in this declaration.   The right of action depends wholly on the statute.   The plaintiffs allege, in their declaration, that the highway was defective, by reason of its being obstructed by snow, and that the plaintiffs were put to expense, and trouble, and loss of time, in extricating their team.   This, we think, was not a damage, for which the statute gives a remedy.   *Holman* v. *Townsend,* 13 Met. 297.   The case stated in the Rev. Sts. *c.* 25, § 22, is, " if any person shall receive any injury in his person or property," &c.; which we think is physical injury, in his person, or in his horse, or other material object, which can be denominated property, and does not extend to expenses incurred, or loss, unless they are incident to such physical injury, and constitute one item of the damage caused by it.

If there was any doubt on the subject, we think it would be removed by a reference to the statute, from which this was revised.   *St.* 1786, *c.* 81.   In passing the revised statutes, there was no intention in the legislature, apparently, to alter the law, in this particular, but only to express the same provision in fewer words.   The provision of the statute of 1786 is, that " if any person shall lose a limb, break a bone, or receive any other injury in his person, or in his horse, team, or other property, through any defect," &c.   Here the term property is explained by its associates, expressive of those kinds of personal property most exposed to such injury, and then by the maxim *noscitur a sociis,* the more general terms " other property," are limited to other property of like kind.   See also *Harwood* v. *Lowell,* 4 Cush. 310.                                       *Judgment arrested.*